# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 2:10CR00004-001 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **COLIN HAWKINS,** | ) | Judge James P. Jones |
| | ) | |
| Defendant. | ) | |

*Colin Hawkins, Pro Se Defendant.*

Colin Hawkins, a federal inmate sentenced by this court, has filed a pro se "Motion to Correct a Clerical Error" pursuant to Federal Rule of Criminal Procedure 36. The motion will be denied.

Hawkins was charged in a five-count Superseding Indictment involving conduct that occurred while Hawkins was an inmate at the United States Penitentiary in Lee County, Virginia (USP Lee). The Superseding Indictment charged Hawkins with: (1) willfully conniving and assisting in a riot and mutiny on September 9, 2009, in violation of 18 U.S.C. § 1792 (Count One); (2) possessing a prohibited object that was designed and intended to be used as a weapon on September 9, 2009 (during the riot) (Count Two) and on February 6, 2009 (Count Four), in violation of 18 U.S.C. §§ 1791(a)(2) and 1791(d)(1)(B); (3) forcibly resisting, impeding, and

interfering with an employee of the Federal Bureau of Prisons by making physical contact on September 9, 2009, in violation of 18 U.S.C. § 111(a)(1) (Count Three); and (4) felony contempt of a court order on January 12, 2011, in violation of 18 U.S.C. § 401(3) (Count Five).

On August 17, 2011, Hawkins pleaded guilty to Count Five. On the same day, Hawkins pleaded not guilty to Counts One through Four, and proceeded to a bench trial on those counts. I found Hawkins guilty of Counts One, Three, and Four, and not guilty of Count Two. Order, ECF No. 170. The evidence at trial regarding Counts One, Two, and Three was that a fight occurred in USP Lee's outdoor recreation yard on September 9, 2009, involving multiple inmates, including Hawkins. Lance Cole, the supervisor of education at USP Lee, testified that he had seen Hawkins and an unknown inmate assaulting another unknown inmate. Cole attempted to restrain Hawkins, but Hawkins resisted and tried to rejoin the fight. Cole and Correctional Officer Marcus Briggs testified that, after restoring order and lifting Hawkins off the ground, they had found a weapon under Hawkins's body. The evidence at trial regarding Count Four was that on February 6, 2009, a physical search of Hawkins revealed a sharpened plastic homemade weapon in his shirt pocket.

On May 22, 2012, the court sentenced Hawkins to 188 months imprisonment, including 120 months for Counts One and Five, to run concurrently, and eight months on Count Three and 60 months on Count Four, to run consecutively. ECF No. 240. Hawkins appealed unsuccessfully. *United States v. Hawkins*, 531 F. App'x 342 (4th Cir. 2013) (unpublished).

Since his direct appeal Hawkins has filed numerous pro se motions attacking his convictions and judgment,[1] including a motion under 28 U.S.C. § 2255, which was denied. *United States v. Hawkins*, No. 2:10CR00004, 2015 WL 7308677 (W.D. Va. Nov. 19, 2015), *appeal dismissed*, 648 F. App'x 323 (4th Cir. 2016) (unpublished). In 2021, he raised the present issue for the first time in a pro se pleading entitled "Motion for Correction of Sentence." Mot. 1, ECF No. 370. The court denied that motion on the ground that once a sentence is imposed the court lacks jurisdiction to hear challenges to a presentence report, citing *United States v. Hawkins*, 421 F. App'x 261, 262 (4th Cir. 2011) (unpublished).[2] Order, ECF No. 371 (Apr. 5, 2021).

---

[1] Hawkins was also convicted in 2016 by a jury in this court of sending a threatening letter to the lawyer who represented him at the trial in this case. *United States v. Hawkins*, No. 1:16CR00015 (W.D. Va.). In his letter, Hawkins told the attorney that he was going to send his "homies" to beat him to death "because of your stupid shit you did." *Id.*, Indictment ¶ 2, ECF No. 2.

[2] This case involved a different Hawkins.

In the present motion, Hawkins relies on Rule 36 of the Federal Rules of Criminal Procedure, providing that the court "at any time correct a clerical error in a judgment, order, or other part of the record."

In calculating the total offense level for Hawkins' advisory sentencing guidelines in preparation for his 2012 sentencing, the presentence investigation report prepared by the probation officer grouped the offenses. U.S. Sent'g Guideline Manual (USSG) § 3D1.2 (U.S. Sent'g Comm'n 2010).  In the group composed of Counts One and Three, the probation officer added a victim-related adjustment of a six-level increase on the ground that the offense involved an assault of a law enforcement official.  *See* USSG § 3A1.2(c)(2).  No objection was made to this adjustment at sentencing or thereafter until Hawkins' first motion for correction in 2021.

Hawkins argues that the adjustment was erroneous because Count Three of the Superseding Indictment did not charge him with assaulting an officer, but only resisting or impeding the officer by making physical contact.  *See* 18 U.S.C. § 111(a)(1).  Accordingly, he contends that because of this error his sentencing guideline range was unjustifiably increased.  In addition, Hawkins points out that counsel for the government represented to the court at the bench trial that Count Three did not charge Hawkins with assaulting an employee of the United States, but simply interfering with and impeding the employee, Mr. Cole.  Tr. 8, ECF No. 297.

The error complained of by Hawkins is not a "clerical error" and thus not amenable to correction under Rule 36. *See United States v. Parker*, No. 6:99-CR-70054-009, 2018 WL 3731105, at *2 (W.D. Va. Jan. 10, 2018), *aff'd*, 813 F. App'x 892 (4th Cir.), *cert. denied,* 141 S. Ct. 937 (2020). As held in Hawkins' 2021 motion, it is untimely as a substantive error.

For the forgoing reasons, it is **ORDERED** that the Motion to Correct a Clerical Error, ECF No. 374, is DENIED.

ENTER: April 11, 2022

/s/ JAMES P. JONES
Senior United States District Judge