# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 2:10CR00004-001 |
| v.  ) | **OPINION** |
| ) | |
| **COLLIN HAWKINS,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant.  ) | |

*Collin Hawkins, Pro Se Defendant.*

The defendant, Collin Hawkins, has filed a second Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, challenging his conviction and sentence in this case. Upon review of the motion and court records, I find that the § 2255 motion must be summarily dismissed as successive.[1]

Hawkins was charged in a five-count Superseding Indictment involving conduct that occurred while Hawkins was an inmate at the United States Penitentiary in Lee County, Virginia ("USP Lee"). The Superseding Indictment charged Hawkins with: (1) willfully conniving and assisting in a riot and mutiny on September 9, 2009 (Count One); (2) possessing a prohibited object that was designed

---

[1] Under Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where it is clear from the motion and the record of prior proceedings that the defendant is not entitled to relief.

and intended to be used as a weapon on September 9, 2009 (during the riot) (Count Two) and on February 6, 2009 (Count Four); (3) forcibly resisting, impeding, and interfering with an employee of the Federal Bureau of Prisons by making physical contact on September 9, 2009 (Count Three); and (4) felony contempt of a court order on January 12, 2011 (Count Five). On August 17, 2011, Hawkins pleaded guilty to Count Five. On the same day, Hawkins pleaded not guilty to Counts One through Four and proceeded to a bench trial. I found Hawkins guilty of Counts One, Three, and Four, and not guilty of Count Two. On May 22, 2012, I sentenced Hawkins to a total of 188 months in prison. He appealed unsuccessfully. *United States v. Hawkins*, 531 F. App'x 342 (4th Cir. 2013) (unpublished).

In 2014, Hawkins filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, raising claims of prosecutorial misconduct, court error, ineffective assistance of counsel, and actual innocence. I found his claims to be without merit and denied the motion. *United States v. Hawkins*, No. 2:10CR00004, 2015 WL 7308677 (W.D. Va. Nov. 19, 2015), *appeal dismissed*, 648 F. App'x 323 (4th Cir. 2016) (unpublished).

In Hawkins's present second § 2255 motion now before the court, he contends that his trial counsel provided ineffective assistance by failing to communicate a plea offer to him. As relief, Hawkins seeks to have his conviction and sentence vacated.

Hawkins alleges that after a post-trial hearing on December 12, 2011, his attorney at that time, Karen K. Bishop, asked him why he had not accepted a plea offer instead of going to trial. Hawkins told her that he had not been offered a plea bargain. Bishop said that since his co-defendant had received a plea offer, "it was more than likely that [Hawkins] was offered a plea as well." 2255 Mot. 5, ECF No. 376. Hawkins wrote to his former attorney, Charles L. Bledsoe, asking if the prosecutor had offered him a plea bargain. In January 2013, Bledsoe responded, stating that he had turned over his case file to John T. Harris, when Harris took Bledsoe's place as counsel for Hawkins. Harris had withdrawn from the representation three months earlier. Hawkins tried for more than a year and a half to reach Harris by mail, but without success.

On November 25, 2013, under the Freedom of Information Act ("FOIA"), Hawkins submitted a request for documents from the Executive Office for United States Attorneys ("EOUSA"). Specifically, he asked for any plea offers and draft plea agreements pertaining to the Indictment in his case which the government would have presented to Hawkins's defense counsel. In a response letter dated Octobr 3, 2014, an EOUSA representative stated that a search of records located in the office of the United States Attorney for the Western District of Virginia had yielded no records responsive to Hawkins's request. Hawkins tried other FOIA requests over the years and even a FOIA lawsuit on a separate issue.

Finally, on March 1, 2021, related to the FOIA lawsuit, Hawkins "obtained from the F.B.I. some 134 undisclosed documents." *Id.* at 6. He submits with his § 2255 motion a copy of a document that "appears to be a true copy of a FBI synopsis that reported that 'on October 20, 2010, AUSA Debbie Stevens advised that she had mailed proposed plea agreements to both attorneys in this matter for consideration.'" *Id.; Id.* at Exs. 4, 5, ECF No. 376-1. Hawkins alleges that Bledsoe "had neither shown nor talked to him about any plea agreements. The day before the A.U.S.A. mailed the proposed plea to Mr. Bledsoe, both [Hawkins] and Mr. Bledsoe was [sic] in court for a hearing, and . . . neither the government nor Mr. Bledsoe spoke with [Hawkins] about a plea." *Id.* at 6, ECF No. 376.

Hawkins asserts that his claim should be considered in a second § 2255 motion because it is based on facts he newly discovered on March 1, 2021. He also contends that the claim should be considered timely filed under 28 U.S.C. § 2255(f)(4) through the application of equitable tolling. He recognizes that he did not submit his § 2255 motion within one year of March 1, 2021, which he claims as the date on which the facts supporting the claim or claims presented "could have been discovered through the exercise of due diligence," as required under § 2255(f)(4). *Id*. at 13. He seeks equitable tolling of that filing deadline, based on a documented prison lockdown that prevented him from accessing his legal materials and the law library for several weeks in February and March 2022.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may consider a defendant's second or successive § 2255 motion only upon specific certification from the court of appeals that the claims in the motion meet certain criteria. 28 U.S.C. § 2255(h). Specifically, a successive § 2255 motion must be certified as provided in 28 U.S.C. § 2244 to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id.* "In the absence of pre-filing authorization . . . , the district court lacks jurisdiction to hear a successive § 2255 motion." *United States v. Joy*, 585 F. App'x 33, 34 (4th Cir. 2014) (unpublished).

Hawkins does not show that he has obtained certification from the court of appeals to pursue his current motion as an authorized second or successive § 2255 motion. Rather, Hawkins contends that his current claim falls within a group of claims involving new facts that are not considered as second or successive § 2255 claims. This principle is described as follows:

> Both the Supreme Court and the Fourth Circuit have recognized a small subset of claims that may be raised in a subsequent *habeas* petition or § 2255 motion without being categorized as successive. *Panetti* [*v. Quarterman*], 551 U.S. [930,] 942–47, 127 S. Ct. 2842; *United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014). Among

>that group are claims that were not yet "ripe" when the original petition was filed because of a nonexistent factual predicate. *Panetti*, 551 U.S. at 945, 127 S. Ct. 2842. In *Panetti*, the Supreme Court considered how to classify a death row inmate's second-in-time *habeas* petition — brought years after his initial petition was denied — which asserted, for the first time, that he was incompetent to be executed under *Ford v. Wainwright*, 477 U.S. 399, 106 S. Ct. 2595, 91 L.Ed.2d 335 (1986). *Id.* at 938, 942, 127 S. Ct. 2842. The Court ultimately held that the petition was not a "second or successive" application for purposes of the AEDPA, since "*Ford*-based incompetency claims, as a general matter, are not ripe until after the time has run to file a federal habeas petition," and oftentimes not until execution is imminent. *Id.* at 945, 127 S. Ct. 2842. . . .
>
>Consistent with the Supreme Court's reasoning in *Panetti*, the Fourth Circuit has held that a numerically second § 2255 motion should not be considered "second or successive" pursuant to § 2255(h) when the factual basis for the motion did not come into existence until after a prior motion was filed. *Hairston*, 754 F.3d at 262. In *Hairston*, the defendant filed a § 2255 motion within a year of his sentencing, which was denied by the district court. *Id.* at 259. Eight years later, a state court vacated a prior conviction that had affected the defendant's criminal history category at sentencing. *Id.* The defendant then filed a second § 2255 motion seeking to be resentenced for his federal offense, which the district court dismissed as an unauthorized second or successive motion. *Id.* In reversing the district court's decision, the Fourth Circuit emphasized that "the facts relied on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated." *Id.* at 262. Consequently, the Court held that the defendant's claim was "unripe" at the time his numerically first motion was filed, and that his second motion was therefore not "successive" within the meaning of the AEDPA. *Id.*

*United States v. Hayes*, 352 F. Supp. 3d 629, 635–36 (W.D. Va. 2019). Since *Panetti* and *Hairston*, courts have distinguished between two types of newly discovered evidence claims — a claim for which the factual predicate "'came into being after the first habeas'" versus a claim for which the factual predicate existed at the time

of the first habeas, but was not discovered until after the first habeas concluded. *Id.* at 637 (quoting *Gage v. Chappell*, 793 F.3d 1159, 1165 (9th Cir. 2015)). "[W]hether a claim was ripe under the AEDPA 'turns on whether the factual predicate existed, not whether the petitioner *knew* it existed at the time of his initial habeas petition.'" *Id.* at 639 (quoting *Brown v. Muniz*, 889 F.3d 661, 674 (9th Cir. 2018)).

I conclude that Hawkins's claim about the undisclosed plea offer falls into the latter category of claims, based on preexisting, but newly discovered facts. If the prosecutor offered a plea bargain before Hawkins went to trial, a claim related to that offer was ripe on the date of the offer because the factual predicate for the claim then existed. Indeed, Hawkins himself learned from his attorney in December 2011 about the likelihood of a plea agreement offer. He could have included that claim in his first § 2255 motion and sought discovery of documentation to substantiate it. The fact that Hawkins did not obtain the FBI documentation mentioning the plea offer until years later has no bearing on when the underlying factual predicate for the claim about that plea offer came into existence, making the claim ripe. Because Hawkins's § 2255 motion here raises a claim that was factually ripe at the time of his trial proceedings, it qualifies as a second or successive § 2255 motion. Hawkins has not obtained certification from the court of appeals to pursue this second or successive § 2255 motion. Therefore, I must dismiss it without prejudice for lack of jurisdiction.

A separate Final Order will be entered herewith.

DATED: May 31, 2022

/s/  JAMES P. JONES
Senior United States District Judge