IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

CLERKS OFFICE U.S. DIST. COURT
AT ABINGDON, VA
FILED
March 06, 2025
LAURA A. AUSTIN, CLERK
BY: s/ FELICIA CLARK
 DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) Case No. 2:10CR00004-001 |
| | ) |
| v. | ) **OPINION AND ORDER** |
| | ) |
| COLLIN HAWKINS a/k/a | ) JUDGE JAMES P. JONES |
| COLIN HAWKINS, | ) |
| | ) |
| Defendant. | ) |

*Collin Hawkins, Pro Se Defendant.*

Collin Hawkins, a federal inmate sentenced by this court, has filed pro se motions seeking to "correct" wording in the court's judgment and in his presentence investigation report. Hawkins claims that wording in those documents indicates that he assaulted a prison employee, which he denies. He asserts that these alleged errors have prevented him from eligibility for certain prison privileges. The issue is an old one, raised by him in earlier motions which were denied, as these will be.

I.

Hawkins was charged in a five-count Superseding Indictment involving conduct that occurred while Hawkins was an inmate at the United States Penitentiary in Lee County, Virginia (USP Lee). The Superseding Indictment charged that on September 9, 2009, the defendant "did willfully connive and assist in a riot and

mutiny," in violation of 18 U.S.C. § 1792 (Count One); on September 9, 2009, "possessed a prohibited object that was designed and intended to be used as a weapon," in violation of 18 U.S.C. §1791(a)(2) and § 1791(d)(1)B) (Count Two); on September 9, 2009, "forcibly resisted, impeded, and interfered with an employee of the Federal Bureau of Prisons, an agency in a branch of the United States Government, while such employee was engaged in the performance of official duties, and in doing so did make physical contact with the employee" in violation of 18 U.S.C. § 111(a)(1) (Count Three); on February 6, 2009, "possessed a prohibited object that was designed and intended to be used as a weapon," in violation of 18 U.S.C. §1791(a)(2) and § 1791(d)(1)B) (Count Four); and on January 12, 2011, "willfully disobeyed and resisted an order of a Court" by disclosing discovery material, in violation of 18 U.S.C. § 401(3) (Count Five).  ECF No. 93.

On August 17, 2011, Hawkins pleaded guilty to Count Five.  On the same day, Hawkins pleaded not guilty to Counts One through Four, waived trial by jury, and proceeded to a bench trial on those counts.  I found Hawkins guilty of Counts One, Three, and Four, and not guilty of Count Two.

The evidence at trial regarding Counts One, Two, and Three was that a fight had occurred at USP Lee's outdoor recreation yard on September 9, 2009, involving multiple inmates, including Hawkins.  Lance Cole, the supervisor of education at USP Lee, testified that he had seen Hawkins and an unknown inmate assaulting

another unknown inmate. Cole attempted to restrain Hawkins, but Hawkins resisted and tried to rejoin the fight. The two struggled and ended with Cole falling and Hawkins sitting on top of him, with Cole's arms locked around his waist. Tr. Cole Testimony 14–15, ECF No. 220. Cole suffered minor scrapes from his tussle with Hawkins.

Cole and Correctional Officer Marcus Briggs testified that, after restoring order and lifting Hawkins off the ground, they had found a homemade weapon under Hawkins's body.

The evidence at trial regarding Count Four was that prior to the riot, on February 6, 2009, a physical search of Hawkins had revealed a homemade weapon in his shirt pocket.

In calculating the total offense level for Hawkins' advisory sentencing guidelines in preparation for his sentencing, the presentence investigation report (PSR) prepared by the probation officer grouped the offenses. U.S. Sent'g Guideline Manual (USSG) § 3D1.2 (U.S. Sent'g Comm'n 2010). In the group composed of Counts One and Three, the probation officer added a six-level increase of the offense level on the ground that the offense involved an assault by an inmate of a law enforcement or prison official under USSG § 3A1.2(c)(2). PSR ¶ 22, ECF No. 242. No objection was made, and the Court adopted the probation officer's

calculation, resulting in a total offense level of 31 and an imprisonment range of 188 to 235 months.  Statement of Reasons, ECF No. 241.

On May 22, 2012, the court sentenced Hawkins to 188 months' imprisonment, consisting of 120 months on Counts One and Five, to run concurrently with each other, and eight months on Count Three and 60 months on Count Four, each to run consecutively to all other counts.  J., ECF No. 240.  Hawkins appealed unsuccessfully.  *United States v. Hawkins*, 531 F. App'x 342 (4th Cir. 2013) (unpublished).

Nearly eight years later, on March 26, 2021,[1] Hawkins filed a pleading entitled "Motion for Correction of Sentence," pursuant to Federal Rule of Criminal Procedure 35(a).[2]  ECF No. 370.  In that motion Hawkins contended that the upward adjustment under the sentencing guidelines had been erroneous because he had not been charged with assaulting the BOP employee.  The Court denied that motion on the ground that once a sentence is imposed the court lacks jurisdiction to hear challenges to a presentence report, citing *United States v. Hawkins*, 421 F. App'x 261, 262 (4th Cir. 2011) (unpublished).[3]  Order, Apr. 5, 2021, ECF No. 371.

---

[1] The date of postmark or mailing will be used for the filing date of Hawkins' documents.

[2] Rule 35(a) provides that "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

[3] This case involved a different Hawkins.

On March 18, 2022, Hawkins filed another motion, self-styled as "Motion to Correct a Clerical Error," ECF No. 374, raising the same issue under Rule 36 of the Federal Rules of Criminal Procedure, providing that the court may "at any time correct a clerical error in a judgment, order, or other part of the record." He also contended that the PSR incorrectly calculated the guideline range for his conviction for contempt of court, Count Five. The Court denied the motion, holding that the alleged errors were not "clerical errors" and thus could not be changed by the Court. *United States v. Hawkins,* No. 2:10CR00004-001, 2022 WL 1085621, at *2 (W.D. Va. Apr. 11, 2022), *aff'd*, No. 22-6530, 2022 WL 10416521, at *1 (4th Cir. Oct. 18, 2022) (unpublished).

## II.

In his two present motions, Hawkins makes the following claims:

In the first of his present motions, styled "Motion to Correct a Clerical Error Pursuant to Fed. R. Crim. P. 36," ECF No. 400, filed May 21, 2024, Hawkins contends as follows:

> When the written judgment in the criminal case was filed by the clerk of the court, the clerk recorded the wrong offense of conviction as to count three, listing it as "Assault, Resist or Impede as employee with the B.O.P." rather than the actual offense of conviction which is "Forcibly resisted, impeded and interfered with an employee of the F.B.O.P."

Mot. 2, ECF No. 400.

No objection was made to this adjustment at sentencing or thereafter until Hawkins' first motion for correction in 2021. Hawkins argues that the adjustment was erroneous because Count Three of the Superseding Indictment did not charge him with assaulting an officer, but only resisting or impeding the officer by making physical contact. Accordingly, he contends that because of this error his sentencing guideline range was unjustifiably increased. In addition, Hawkins points out that counsel for the government represented to the court at trial that Count Three did not charge Hawkins with assault, but simply interfering with and impeding the employee, Mr. Cole.[4] Trial Tr. 8, ECF No. 297.

In the second motion by Hawkins now before the Court, "Motion to Correct a Computational Mistake," ECF No. 403, Hawkins makes the claim that the PSR should be corrected as to the upward adjustment regarding assault, as made before, but this time under Rule 60(a) of the Federal Rules of Civil Procedure, which provides as follows:

---

[4] At the bench trial, counsel for the government stated to the court as follows:

MS. STEVENS: As to the charge involving count three, which is the interfering, I think it's important to note to the court that the defendant is not charged with assaulting Mr. Cole, and that had been brought out on the stand. Nobody is claiming that he punched Mr. Cole, or that he was assaulting him. What he's charged with is interfering in –

THE COURT: Impeding.

MS. STEVENS: Impeding, right. That's different than the assault.

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

Fed. R. Civ. P. 60(a).  Rule 36 of the criminal rules is like civil rule 60(a).  Fed. R. Crim. P. 36 advisory committee's note to 1944 adoption.  Neither allows a correction of the alleged errors here.

In any event, there were true assaults that occurred during the riot, of which Hawkins was a knowing participant.  Mr. Cole, the prison employee who struggled with Hawkins, was hit with a weapon by another rioter and was injured just before he tackled Hawkins.  While Hawkins may not have personally struck Cole, he is responsible under the sentencing guidelines for this related conduct.[5]

III.

For the forgoing reasons, it is **ORDERED** that Hawkins' motions ECF Nos. 400, 403, and 406, are DENIED.[6]

---

[5] As the probation officer advised:

> Based upon the fact that the defendant was convicted of Count One, pursuant to U.S.S.G. § 1B1.3(a)(1)(B), he is accountable for the conduct of the inmate who injured Mr. Cole.  Therefore, the enhancement under U.S.S.G. § 3A1.2(c)(2) is appropriate in this case.

PSR ¶ 22, ECF No. 242.

[6] The motion at ECF No. 406 seeks to expedite decision on the other two motions and so is moot.

ENTER: March 6, 2025

/s/  JAMES P. JONES
Senior United States District Judge